UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGEL JENKINS on behalf of herself and all others similarly situated,

Plaintiff,

v.

ADASA LTD INC., d/b/a "COUTURE CANDY",

Defendant.

---

Case No.

**CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, **ANGEL JENKINS** ("Plaintiff" or "Ms. Jenkins"), on behalf of herself and all others similarly situated (collectively, "Plaintiffs"), by and through their undersigned counsel, JOSEPH & NORINSBERG, LLC, as and for their putative class action complaint upon Defendant, ADASA LTD INC., d/b/a COUTURE CANDY ("COUTURE CANDY" or "Defendant"), hereby alleges as follows:

**INTRODUCTION**

1. Plaintiff **Angel Jenkins** is a visually-impaired and legally blind person who requires screen-reading software to read website content while using the computer. (**Ex. A** – Angel Jenkins, Legally Blind Diagnosis, dated 1/20/2026). Plaintiff uses the terms "blind" or "visually-impaired," as Plaintiff's central visual acuity with correction is less than or equal to 20/200.

2. Plaintiff's vision loss resulted from Endophthalmitis that developed after a serious vehicular accident-causing significant trauma to both eyes. As confirmed by Dr. James R. Gordon, M.D., the resulting infection led to permanent and irreversible blindness, for which no corrective

procedures currently exist. Ms. Jenkins also experiences chronic; debilitating headaches associated with her condition. She qualifies as an individual with a disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(1)–(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the New York City Human Rights Law ("NYCHRL"). To maintain independence, she relies on screen-reading software and accessible digital content, and she has completed formal orientation and mobility training through Visions Services for the Blind and the Lighthouse Guild programs.

3. Plaintiff brings this action against ADASA LTD INC., d/b/a COUTURE CANDY, for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. Defendant operates an online-only retail business specializing in apparel and accessories through its public-facing website, www.couturecandy.com, which serves as its primary platform for product browsing, purchasing, promotional content, and customer support. The Website is an essential component of Defendant's commercial operations and is offered to the general public as a place of public accommodation. Plaintiff attempted to access Defendant's online services on multiple occasions but was unable to do so due to persistent and discriminatory accessibility barriers that denied her equal access to the goods and services offered to sighted consumers.

4. Plaintiff is legally blind and relies on screen reader technology to navigate digital interfaces. He attempted to access Defendant's website, www.couturecandy.com, to browse and purchase apparel products for herself and as a gift for her daughter, whose La Quinceanera was upcoming. On multiple occasions in October and November 2025, Plaintiff encountered widespread accessibility barriers documented by SortSite audits, including:

**Broken accessibility statement link** (400 Bad Request)

**Unlabeled ARIA buttons** on product pages (3,554 pages affected)

**Missing alt text** or placeholder text like "picture" or "spacer" on product images

**Autoplay videos without pause controls** (92 pages affected)

**Keyboard traps and inaccessible pop-ups** during checkout and promotional flows

**Improper heading structures and missing skip links** across category and product pages

**Broken links** to promotional content, blog posts, and social media integrations (e.g., Facebook, Aerie Real Life)

These barriers violate the Web Content Accessibility Guidelines (WCAG) 2.1 Level AA, the recognized industry standard for digital accessibility. Plaintiff remains eager to return to the site once it is remediated, as it offers apparel and gift items that align with his specific needs and budget.

5. Plaintiff brings this civil action against Defendant for its failure to design, construct, maintain, and operate the Defendant's Website to be fully accessible to and independently usable by Plaintiff and other blind or visually impaired people. Defendant's denial of full and equal access to the Website, www.couturecandy.com and therefore its denial of the goods and services offered thereby, is a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

6. According to the U.S. Census Bureau (2010), approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind. The American Foundation for the Blind's 2015 report estimates that approximately 400,000 visually impaired persons reside in New York State.

7. Congress has issued a clear national mandate to eliminate discrimination against individuals with disabilities. This includes barriers to full integration, independent living, and equal opportunity—barriers perpetuated by websites and other public accommodations that remain inaccessible to blind and visually impaired persons. New York State and New York City law similarly require places of public accommodation to ensure access to goods, services, and facilities by making reasonable accommodations for persons with disabilities.

8. Defendant has long operated its public-facing website, www.couturecandy.com, as the central gateway to its nationwide online retail business, offering thousands of designer dresses, formalwear items, and accessories exclusively through its digital storefront. Despite its polished branding and extensive product catalog, the Website is riddled with systemic accessibility failures that make independent use impossible for blind consumers. Independent audits conducted by Plaintiff's counsel revealed a pervasive pattern of violations across the site: product pages containing **hundreds of images with no alternative text**, form fields and interactive elements left **unlabeled**, **keyboard traps** that strand users during checkout, **misapplied or missing ARIA roles**, and the complete absence of **skip links, semantic landmarks, or structured headings** necessary for screen-reader navigation. These are not isolated oversights, but **template-level defects** replicated across thousands of pages, including core shopping categories such as the **Knee-Length Dresses** collection and specific product listings like the **Jovani 42838 Metallic Strapless Cowl Prom Gown**. Defendant's ongoing failure to remediate these barriers—despite clear federal guidance, established WCAG 2.1 AA standards, and ample financial and technical resources—demonstrates a deliberate indifference to the civil rights of blind and visually impaired individuals, ensuring that exclusion remains embedded in its digital storefront.

9. Plaintiff is deeply invested in maintaining independence in online shopping and relies on accurate product information to make informed purchasing decisions. He specifically sought out Defendant's Website because of its extensive catalog of formalwear, designer dresses, and apparel suitable for holiday gifting and unique events. Plaintiff attempted to browse the Website to review product details, compare styles, and complete a purchase. However, unless Defendant remedies the numerous accessibility barriers present throughout www.couturecandy.com, Plaintiff will continue to be unable to independently navigate, browse, use, or complete a transaction. Defendant's denial of equal access to its Website constitutes unlawful discrimination under the ADA.

10. Plaintiff seeks a permanent injunction requiring Defendant to revise its corporate policies, practices, and procedures to ensure that its Website becomes and remains fully accessible to blind and visually impaired users. Because Defendant operates exclusively online and relies entirely on www.couturecandy.com to conduct its retail business, accessible digital infrastructure is essential to guarantee equal participation in the modern marketplace. Injunctive relief is necessary to prevent Defendant from continuing to exclude individuals with disabilities from its online retail services and to ensure that blind consumers can independently access the same goods, information, and purchasing opportunities offered to the general public.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12182 because Plaintiff's claims arise under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 et seq.

12. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims, including those under the New York State Human Rights Law, Article 15 (Executive Law § 290 et seq.) ("NYSHRL"); the New York City Human Rights Law, N.Y.C.

Admin. Code § 8-101 et seq., ("NYCHRL") and § 296 et seq.; and the New York State Civil Rights Law, Article 4, §§ 40-c and 40-d ("NYCRL").

13. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Defendant **ADASA LTD INC., d/b/a "Couture Candy,"** conducts substantial and continuous business in this District through its fully interactive commercial website, **www.couturecandy.com**, which offers products and services to consumers throughout New York, including those residing in this District. Plaintiff accessed and attempted to use the Website from his residence in New York County, which lies within the Southern District of New York. A substantial portion of the discriminatory conduct giving rise to this action—including the denial of equal access to Defendant's online goods and services—occurred within this District.

14. Courts routinely support venue placement in the district where the plaintiff attempted and failed to access the public accommodation. See *Chloé NA v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158 (2d Cir. 2010); *Reed v. 1-800-Flowers.com, Inc.*, 327 F. Supp. 3d 539 (E.D.N.Y. 2018); *Andrews v. Blick Art Materials, LLC*, 286 F. Supp. 3d 365 (E.D.N.Y. 2017); see also *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017 (2021). In *Access Now, Inc. v. Otter Products, LLC*, 280 F. Supp. 3d 287 (D. Mass. 2017), the court held that "although the website may have been created and operated outside of the district, the attempts to access the website in Massachusetts are part of the sequence of events underlying the claim." Id. at 294. This satisfies Due Process because the harm—the denial of access—occurred within the forum. Id. at 293. Here, Plaintiff's attempts to access www.couturecandy.com, operated by Defendant ADASA LTD INC., from his residence in New York County firmly establish venue in this District.

15. Similarly, courts recognize personal jurisdiction where a defendant purposefully

directs its online commercial activities toward residents of the forum state. See *Access Now, Inc. v. Sportswear, Inc.*, No. 17-cv-11211-NMG, 2018 U.S. Dist. LEXIS 47318 (D. Mass. Mar. 22, 2018) (finding purposeful availment where the defendant targeted consumers in the forum through its interactive website). Defendant **ADASA LTD INC., a Delaware corporation registered to do business in Nevada**, has likewise availed itself of New York's economic activities by marketing, advertising, and selling its products to New York consumers through its fully interactive website, www.couturecandy.com, and by regularly shipping goods into this District.

16. Accordingly, jurisdiction and venue are proper in this District because Plaintiff resides here, Defendant **ADASA LTD INC., d/b/a "Couture Candy,"** conducts business here through its Website, and the discriminatory conduct giving rise to this action occurred here.

## THE PARTIES

17. Plaintiff, **ANGEL JENKINS** is and was at all relevant times a resident of New York County, New York.

18. Plaintiff is legally blind and visually impaired, qualifying as an individual with a disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(1)–(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the New York City Human Rights Law ("NYCHRL"). As documented in Exhibit A, a medical letter dated January 20, 2026, from Westchester Eye Associates, Plaintiff's blindness resulted from Endophthalmitis that developed following a severe vehicular accident which caused significant trauma to both eyes. The resulting infection led to permanent and irreversible vision loss, and there are no known corrective procedures capable of restoring her sight. Plaintiff also experiences debilitating headaches associated with her condition. She has been referred to reputable New York–based

organizations—including VISIONS at Selis Manor and Lighthouse Guild—for mobility training, assistive technology instruction, and independent living support, and she remains highly motivated to maintain independence through the use of screen-reader software and adaptive tools.

19. Plaintiff relies on screen-reading software, including NonVisual Desktop Access ("NVDA"), magnification tools, and keyboard-based navigation to access digital content. She has completed orientation and mobility training through organizations such as Lighthouse Guild and VISIONS at Selis Manor in New York City and remains highly motivated to maintain independence through assistive technology.

20. Upon information and belief, Defendant **ADASA LTD INC., d/b/a "Couture Candy,"** is a Delaware corporation registered as a foreign corporation with the Nevada Secretary of State (Entity No. E11815482021-6). Defendant maintains a publicly listed principal place of business at **4050 W. Sunset Road, Suite H – Dock Door 25, Las Vegas, NV 89118**, and its Registered Agent for service of process is **Incorp Services, Inc., 9107 West Russell Road, Suite 100, Las Vegas, NV 89148**. Defendant owns, operates, and controls the commercial website www.couturecandy.com, through which it sells apparel, formalwear, and accessories to consumers nationwide, including residents of New York. Defendant conducts its business primarily online, and its Website functions as a fully integrated digital retail platform for browsing inventory, reviewing product details, accessing promotional content, and completing purchases. Defendant exercises full control over the design, coding, and operation of www.couturecandy.com, which is maintained by its internal digital and e-commerce teams. Despite clear federal guidance, established industry standards, and prior litigation involving website accessibility, Defendant has failed to remediate its Website. Independent audits conducted

in 2025 revealed pervasive accessibility barriers across thousands of pages, including broken links, unlabeled buttons, missing alternative text, inaccessible pop-ups, and keyboard traps. Defendant's continuous and substantial online sales to New York consumers through its interactive Website establish that it conducts business in this District and is subject to the jurisdiction of this Court.

## NATURE OF ACTION

21. This action arises under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq., challenging Defendant's operation of a public-facing website that denies blind and visually impaired individuals full and equal access. Plaintiff, a legally blind resident of County, attempted to access Defendant's website using screen-reading software but encountered multiple access barriers that prevented meaningful engagement with its services. Defendant's failure to design and maintain its website in accordance with the Web Content Accessibility Guidelines (WCAG 2.1) constitutes unlawful discrimination and violates federal accessibility standards.

22. Defendant's website functions as a commercial place of public accommodation subject to Title III of the ADA and the NYCHRL. At all relevant times, Defendant COUTURE CANDY, LLC, has maintained control over the design, coding, and digital infrastructure of www.couturecandy.com and is responsible for ensuring its compliance with applicable accessibility standards, including WCAG 2.1 Level AA. Although the Website includes nominal references to accessibility, it lacks meaningful ARIA labeling, semantic structure, and keyboard operability across key interactive features. These deficiencies render the Website inaccessible to blind users and place Defendant on constructive notice of noncompliance.

23. The Internet has become a vital source of information and a primary tool for

conducting everyday activities such as shopping, learning, banking, researching, and communicating—for sighted, blind, and visually impaired individuals alike. Defendant's Website is not merely informational; it is the exclusive gateway through which consumers browse inventory, evaluate products, and complete purchases. Because Couture Candy operates solely online, accessible digital access is the *only* means by which blind consumers can independently review merchandise, compare styles, and participate in Defendant's retail offerings. Without an accessible Website, blind individuals are effectively barred from accessing Defendant's goods and services altogether.

24. In today's digital environment, blind and visually impaired individuals access websites using keyboards in conjunction with screen access software that vocalizes visual content or displays it on a refreshable Braille device. This technology, known as screen-reading software, is currently the only method by which blind or visually impaired persons may independently access the Internet. Unless websites are properly coded to interface with screen-reading software, blind and visually impaired users are unable to fully access the information, products, and services offered online.

25. Plaintiff, ANGEL JENKINS is a blind, visually impaired individual and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)–(2), its implementing regulations at 28 C.F.R. §§ 36.101 et seq., and the NYCHRL. As documented in **Exhibit A**, Plaintiff's blindness resulted from Endophthalmitis following a severe vehicular accident that caused significant trauma to both eyes, leading to permanent and irreversible vision loss**.** Plaintiff is unable to read printed materials and relies exclusively on screen-reading software such as NVDA**,** magnification tools, and keyboard-based navigation to access digital content. She has completed formal

orientation and mobility training through Lighthouse Guild and remains initiative-taking to maintain independence through assistive technology.

26. Plaintiff attempted to access Defendant's website on multiple occasions from her residence in Bronx County, including October 14, 2025, October 22, 2025, and November 3, 2025. During these visits, she sought to browse product offerings, evaluate apparel items, and complete purchases for herself and 16-year-old daughter. Specifically, Plaintiff attempted to purchase the **Jovani 42838 Metallic Strapless Cowl Prom Gown** for her daughter's upcoming Quinceanera and the **La Femme 27828 Lace Bateau Knee-Length Sheath Dress** for herself. These items were selected based on their advertised quality, design, and suitability for the event. However, Plaintiff encountered persistent access barriers—including unlabeled buttons, inaccessible form fields, broken keyboard navigation, missing alt text on product images, and inaccessible pop-ups—that prevented her from completing any transaction without sighted assistance

27. These barriers are documented in independent accessibility audits conducted by Plaintiff's counsel:

- A SortSite validation report identifying WCAG 2.1 Level A and AA violations across over 12,000 pages**;**
- A broken link report confirming inaccessible navigation paths and failed HTTP targets, including the Accessibility Statement itself;
- Automated scans revealing missing alternative text**,** contrast errors**,** empty buttons**,** redundant links, and ARIA role failures on product pages. These reports place Defendant on constructive notice of noncompliance and confirm that the Website remains inaccessible to blind users.

28. Plaintiff was specifically interested in purchasing the **Jovani 42838 Metallic Strapless Cowl Prom Gown** and the **La Femme 27828 Lace Bateau Knee-Length Sheath**

**Dress**, both marketed as high-quality apparel items offered at competitive prices. These products were of particular importance because they were intended for her daughter's Quinceanera and for Plaintiff's own participation in the celebration. Due to the Website's failure to provide accessible product descriptions, navigable purchase flows, and properly labeled interactive elements, Plaintiff was unable to independently evaluate or purchase any of these items.

29. Plaintiff selected **Couture Candy** over other apparel retailers because of their reputation for offering a wide selection of formalwear, competitive pricing, and event-specific apparel. She remains interested in purchasing these products and intends to return to the Website once it is remediated, particularly because the items align with her needs and budget. Defendant's ongoing failure to provide equal access constitutes a denial of goods and services and causes ongoing deterrence. Because Couture Candy operates exclusively online, the inaccessibility of its Website effectively excludes Plaintiff from all of Defendant's retail offerings.

30. Plaintiff has suffered concrete harm, including exclusion, frustration, and loss of autonomy. These injuries are directly traceable to Defendant's conduct and are redressable through injunctive relief. Plaintiff's repeated encounters with Defendant's inaccessible Website demonstrate standing under Title III of the ADA: she attempted to access the Website on multiple occasions, was deterred by systemic barriers, remains eager to return once it is accessible, and was prevented from purchasing essential apparel for herself and her family due to Defendant's failures.

## CLASS ACTION ALLEGATIONS

31. Plaintiff **ANGEL JENKINS** brings this action on behalf of herself and all others similarly situated, seeking certification of a nationwide class under Fed. R. Civ. P. 23(a) and

23(b)(2): all legally blind individuals in the United States who have attempted to access www.couturecandy.com and were denied equal access to its products, services, and support due to persistent accessibility barriers during the relevant statutory period.

32. Plaintiff also seeks certification of a New York Subclass under Fed. R. Civ. P. 23(a) and 23(b)(2): all legally blind individuals residing in the City and State of New York who have attempted to access www.couturecandy.com or Defendant's Manhattan retail store located at 1551 Broadway, New York, NY 10036, and were similarly denied equal access due to the same systemic barriers.

33. Common questions of law and fact exist among the Class, including:

Whether www.couturecandy.com qualifies as a "public accommodation" under Title III of the ADA;

Whether Defendant's Website constitutes a "places or providers of public accommodation" under the NYCHRL;

Whether the Website's persistent accessibility barriers violate the ADA by denying blind users full and equal access to Defendant's products, services, and support;

Whether the same barriers violate the NYCHRL, NYCRL, and NYSHRL by excluding blind users from meaningful participation in its digital marketplace.

34. Plaintiff's claims are typical of the Class. Like other blind individuals, she relies on screen-reading software and keyboard navigation to access online platforms and requires accessible digital interfaces to locate and shop for desired products. She encountered the same systemic barriers—unlabeled buttons, inaccessible forms, mouse-dependent controls, unreadable product specifications, and inaccessible store locator features—that affect all Class members

35. Plaintiff will fairly and adequately represent the interests of the Class. She has

retained counsel experienced in disability rights and complex class action litigation. Plaintiff has no interests antagonistic to those of the Class and seeks injunctive and declaratory relief applicable to all members.

36. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or failed to act on grounds generally applicable to the Class, warranting injunctive relief to remediate the Website's accessibility barriers and ensure equal access to its retail stores.

37. Alternatively, certification is appropriate under Fed. R. Civ. P. 23(b)(3) because common questions of law and fact predominate over individual issues, and a class action is the most efficient and fair method for adjudicating these claims.

38. Maintaining this action as a class proceeding will promote judicial economy by avoiding duplicative litigation and ensuring uniform relief for a class likely to include hundreds, if not thousands, of blind individuals who have attempted to use www.couturecandy.com.

**FIRST CAUSE OF ACTION**
**(Violations of the ADA, 42 U.S.C. § 12182 *et seq.)***

39. Plaintiff, ANGEL JENKINS on behalf of herself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

40. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* provides:

> "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

**42 U.S.C. § 12182(a).**

41. Defendant's website, www.couturecandy.com, is a service offered to the general

public and, as such, must be equally accessible to all potential consumers, including blind and visually impaired individuals.

42. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

43. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, inter alia:

> "[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; [and] a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

**42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).**

44. The acts alleged herein constitute violations of Title III of the Americans with Disabilities Act and the regulations promulgated thereunder. Plaintiff, a member of a protected class under the ADA, has a physical disability that substantially limits his major life activity of sight within the meaning of 42 U.S.C. §§ 12102(1)(A)–(2)(A). Plaintiff's vision loss resulted from Endophthalmitis that developed after a serious vehicular accident-causing significant trauma to both eyes, as documented in Exhibit A, dated J 2025 (attached hereto). Plaintiff has been denied full and equal access to Defendant's website,

www.couturecandy.com; has not received services offered to non-disabled patrons; and has been subjected to inferior service due to persistent accessibility barriers. Defendant has failed to take prompt and equitable steps to remedy this discriminatory conduct, and the violations remain ongoing.

45. Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth within the section **Prayer For Relief** below.

**SECOND CAUSE OF ACTION**
**(Violations of the New York City Human Rights Law)**
**("NYCHRL")**

46. Plaintiff, ANGEL JENKINS on behalf of herself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

47. N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee, lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation: [b]ecause of any person's . . . disability . . . directly or indirectly: [t]o refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation".

48. Defendant is subject to the NYCHRL because it owns and operates the website www.couturecandy.com, making it a "person" within the meaning of N.Y.C. Admin. Code § 8-102(1). Defendant also maintains a brick-and-mortar retail store located at 19 Fulton Street, New York, NY 10038, further subjecting it to the jurisdiction of this Court under the NYCHRL.

49. Defendant violates N.Y.C. Administrative Code § 8-107(4)(a) by refusing to update or remove access barriers to its Website, rendering www.couturecandy.com and its integrated services completely inaccessible to blind and visually impaired individuals. This inaccessibility denies blind patrons full and equal access to the facilities, products, and services that Defendant makes available to the non-disabled public.

50. Defendant is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating based on disability not to provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

51. Defendant's actions constitute willful intentional discrimination against the Sub-Class based on a disability in violation of the N.Y.C. Administrative Code § 8107(4)(a) and § 8-107(15)(a), in that Defendant has:

a. constructed and maintained a Website that is inaccessible to blind class members with knowledge of the discrimination; and/or

b. constructed and maintained a Website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

c. failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

52. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as these violations are ongoing.

53. As such, Defendant discriminates and will continue in the future to discriminate

against Plaintiff and other members of the proposed class and subclass based on disability in the full and equal enjoyment of the products, services, facilities, privileges, advantages, accommodations, and/or opportunities of the Website under N.Y.C. Administrative Code § 8-107(4)(a). Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

54. Defendant's actions were to violate the NYCHRL, and therefore, Plaintiff invokes the right to injunctive relief to remedy the discrimination.

55. Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense as well as punitive damages pursuant to § 8-502.

56. Plaintiff is also entitled to reasonable attorneys' fees and costs.

57. Under N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

**THIRD CAUSE OF ACTION**
**(New York State Human Rights Law)**
**("NYSHRL")**

58. Plaintiff, ANGEL JENKINS on behalf of herself and the Class and New York City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

59. At all times relevant to this action, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law §§ 290 *et seq.*, covers the actions of the

Defendants.

60. Plaintiff, at all times relevant to this action, as a result of his loss of vision, has a substantial impairment to a major life activity and is an individual with a disability under Article 15 of N.Y. Executive Law § 292(21).

61. Defendants, at all relevant times to this action, own and operate a place of public accommodation, the subject Website, within the meaning of Article 15 of N.Y. Executive Law § 292(9). Defendant is a "person" within the meaning of Article 15 of N.Y. Executive Law § 292(1).

62. Plaintiff has visited the Website on a number of occasions and has encountered barriers to his access that exist.

63. Under Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

64. Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices, or procedures when they are necessary to afford facilities, privileges, advantages, or accommodations to individuals with disabilities. Article 15 of N.Y. Executive Law § 296(2)(a), § 296(2)(c)(i).

65. Defendant's actions violate Article 15 of N.Y. Exec. Law § 296(2)(a) by discriminating against the Plaintiff and Subclass by (i) owning and operating a website that is inaccessible to disabled individuals who are sight-impaired and cannot discern the content thereof

without the use of a screen-reading program; (ii) by not removing access barriers to its Website in order to make accessibility features of the sites known to disabled individuals who are sight-impaired; and (iii) by refusing to modify the Website when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities. This inaccessibility denies disabled individuals who are sight-impaired full, and equal access to the facilities, goods, and services that the Defendant makes available to individuals who are not disabled and can see without the need of a screen-reading program or other similar device. Article 15 of N.Y. Exec. Law § 296(2)(c).

66. The Defendant's discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of N.Y. Exec. Law § 296(2)(c).

67. Established guidelines exist for making websites accessible to disabled individuals. The International Website Standards Organization, the Worldwide Consortium, known throughout the world as "W3C," has published version 2.1 of the Web Content Accessibility Guidelines ("WCAG 2.1"). WCAG 2.1 is well-established guideline for making websites accessible to the blind and visually impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure websites are accessible.

68. Defendant has intentionally and willfully discriminated against the Plaintiff and Subclass and violation of the New York State Human Rights Law, Article 15 of N.Y. Exec. Law

§ 296(2) and the discrimination continues to date.

69. Absent injunctive relief, Defendant's discrimination will continue against Plaintiff and Subclass, causing irreparable harm.

70. Plaintiff and the Subclass are therefore entitled to compensatory damages, civil penalties, and fines for every discriminatory act in addition to reasonable attorney fees and costs and disbursements of this action. Article 15 of N.Y. Exec. Law §§ 297(9), 297(4)(c) *et seq.*

## FOURTH CAUSE OF ACTION
**(Violation of New York State Civil Rights)**
**("NYCRL")**

71. Plaintiff, ANGEL JENKINS on behalf of herself and the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

72. Plaintiff served notice thereof upon the New York State Attorney General, as required by N.Y. Civil Rights Law § 41. (Exhibit 1) (Notice to Attorney General)

73. Persons within New York State are entitled to full and equal accommodations, advantages, facilities, and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, and privileges thereof. N.Y. Civ. Rights Law § 40.

74. No person because of disability, as defined in § 292(21) of the Executive Law, shall

be subjected to any discrimination in his or her civil rights by person or by any firm, corporation, or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("NYCRL") § 40-c.

75. § 292 of Article 15 of the N.Y. Executive Law deems a disability a physical, mental, or medical impairment resulting from anatomical, physiological, genetic, or neurological conditions that prevent the exercise of a normal bodily function. As such, the Plaintiff is disabled under the N.Y. Civil Rights Law.

76. Defendant discriminates against the Plaintiff and Subclass under NYCRL § 40 as Defendant's Website is a place of public accommodation that does not provide full and equal accommodation, advantages, facilities, and privileges to all persons and discriminates against disabled individuals who are sight impaired.

77. Defendant intentionally and willfully failed to remove the barriers on their Website, discriminating against the Plaintiff and Subclass preventing access in violation of NYCRL § 40.

78. Defendant has failed to take any steps to halt and correct its discriminatory conduct and discriminate against the Plaintiff and the Subclass members.

79. Under N.Y. Civil Rights Law § 41, "a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby… in any court of competent jurisdiction in the county in which the plaintiff or defendants shall reside." *Id.*..

80. Plaintiff and the SubClass hereby demand compensatory damages of five hundred dollars ($500.00) for each instance of the Defendant's acts of discrimination, including civil

penalties and fines under N.Y. Civil Law § 40 *et seq.*

**FIFTH CAUSE OF ACTION**
**(Declaratory Relief)**

81. Plaintiff, ANGEL JENKINS on behalf of herself and the Class and New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

82. An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers the full and equal access to the products, services and facilities of the Website, which Defendant owns, operates and controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, and N.Y.C. Admin. Code § 8-107, *et seq.*, prohibiting discrimination against the blind.

83. A judicial declaration is necessary and appropriate at this time so that each of the parties may know its respective rights and duties and act accordingly.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

b. A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make the Website fully compliant with the requirements set forth in the ADA, and the implementing regulations, so that the Website is readily accessible to and usable by blind individuals;

c. A declaration that Defendant owns, maintains, and/or operates the Website in a manner that discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with

Disabilities Act, 42 U.S.C. §§ 12182, et seq., N.Y.C. Administrative Code § 8-107, et seq., and the laws of New York;

d. An order certifying the Class and Sub-Classes under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and Plaintiff's attorneys as Class Counsel;

e. Compensatory damages in an amount to be determined by proof, including all applicable statutory and punitive damages and fines, to Plaintiff and the proposed class and subclasses for violations of civil rights under New York City Human Rights Law, the New York State Human Rights Law, and the New York State Civil Rights Law;

f. Pre-judgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h. Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
February 2, 2026

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

*/s/ Robert Schonfeld*
Robert Schonfeld, Esq
*Attorneys for Plaintiff*
825 Third Avenue, Suite 2100
New York, New York 10022
Tel. No.: (212) 227-5700
Fax No.: (212) 656-1889
rschonfeld@employeejustice.com